**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

TIMOTHY R. ROSENCRANTZ,

       Petitioner,

v.                                        Case Number: 04-CV-72407

BLAINE LAFLER,

       Respondent.
                                       /

**OPINION AND ORDER GRANTING EVIDENTIARY HEARING**
**AND APPOINTING COUNSEL**

Petitioner Timothy R. Rosencrantz is a state inmate currently incarcerated at the Saginaw Correctional Facility in Freeland, Michigan, pursuant to a conviction for first-degree criminal sexual conduct. He has filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254. Among other things, Petitioner claims that the prosecutor knowingly permitted the victim to testify falsely. The court has reviewed the petition and finds that Petitioner is entitled to an evidentiary hearing on this claim.

**I. INTRODUCTION**

Petitioner's conviction arises from the sexual assault of Elaine Lasky on August 16 or 17, 1995. Lasky's testimony is the chief evidence against Petitioner. Her testimony regarding the time the assault occurred was significantly different at trial than at the preliminary examination. Petitioner attributes the change in Ms. Lasky's testimony to a meeting he alleges that she had with police and the assistant prosecutor prior to trial.

In support of his claim that Ms. Lasky met with and was influenced by the prosecutor to change her testimony, Petitioner points to an affidavit executed by Jan Burgess. From August 1993 through July 1996, Ms. Burgess was employed by the Genesee County Sheriff's Department. She attests that sometime in May 1996, the Assistant Prosecutor Garner Train and several other members of the prosecution team met with Ms. Lasky for three to four hours and that, although she could not hear the content of the meeting, voices emanating from the closed-door meeting were often quite loud. At trial, in response to specific questions from defense counsel, Ms. Lasky denied meeting with anyone from the prosecutor's office before trial. Petitioner argues that the Burgess affidavit establishes that the prosecutor knowingly permitted Ms. Lasky to give false testimony when he allowed to stand uncorrected her testimony that she did not meet with anyone from the prosecutor's office prior to trial.

## II.  STANDARD

On habeas review, a federal court must presume that all determinations of factual issues made by the state court are correct. 28 U.S.C. § 2254(c)(1). A federal court may not conduct an evidentiary hearing where the petitioner has failed to develop the factual record in state court, except under limited circumstances, including where the petitioner diligently attempted to develop the factual basis, but was unable to do so. *Williams v. Taylor*, 529 U.S. 420, 437 (2000). "Diligence . . . depends upon whether the prisoner made a reasonable attempt, in light of the information available at the time, to investigate and pursue claims in state court." *Id.* at 435. In addition, the federal court may conduct an evidentiary hearing only if the facts underlying the claim, if true, would establish a constitutional error. *Sawyer v. Hofbauer*, 299 F.3d 605, 610 (6th Cir. 2002).

## III.  DISCUSSION

### A.  Petitioner's Attempts to Develop the Factual Record

The court first reviews the history of Petitioner's case in state court to determine whether Petitioner was diligent in his attempt to develop the factual record.

Following a jury trial in Genesee County Circuit Court, Petitioner was convicted of first-degree criminal sexual conduct and felonious assault.  He was sentenced as a second habitual offender to 22-½ to 50 years imprisonment for the criminal sexual conduct conviction and three to six years imprisonment for the felonious assault conviction, to be served concurrently.

Petitioner filed an appeal of right in the Michigan Court of Appeals, presenting nine claims, including claims that the prosecutor improperly allowed Ms. Lasky's perjured and highly material testimony to stand uncorrected before the jury and that he was denied the effective assistance of counsel.[1]  The Michigan Court of Appeals affirmed Petitioner's first-degree criminal sexual conduct conviction and sentence, but vacated his felonious assault conviction and sentence because the trial court erred in failing to instruct the jury as to the requisite intent for felonious assault.  *People v. Rosencrantz*, No. 197313 (Mich. Ct. App. Aug. 18, 1998).

Petitioner then filed an application for leave to appeal to the Michigan Supreme Court, presenting the same claims raised before the Michigan Court of Appeals and

---

[1] At the time he filed this application in the Michigan Court of Appeals, Petitioner had not yet obtained the Burgess affidavit. Nevertheless, he alleged that the prosecutor knowingly presented false testimony when he allowed to stand uncorrected Ms. Lasky's testimony that she did not discuss her testimony with anyone prior to trial.  Petitioner argued that this testimony was inherently incredible.

three additional claims. The Michigan Supreme Court, in lieu of granting leave to appeal, remanded the case to the Michigan Court of Appeals and directed the Michigan Court of Appeals, while retaining jurisdiction, to remand the case to the trial court for a hearing pursuant to *People v. Ginther*, 390 Mich. 436 (1973), to determine "whether the defendant was denied the effective assistance of trial counsel because of the alleged failure of counsel to call or seek a continuance in order to call potential alibi witnesses." *People v. Rosencrantz*, No. 113245 (Mich. Nov. 9, 1999). In all other respects, the Michigan Supreme Court denied leave to appeal. *Id.*

As directed by the Michigan Supreme Court, the Michigan Court of Appeals remanded the case to the trial court for a *Ginther* hearing. *People v. Rosencrantz*, No. 197313 (Mich. Ct. App. Jan. 10, 2000). Petitioner filed a Motion to Expand Scope of Remand in the Michigan Court of Appeals, arguing than an affidavit obtained from Jan Burgess and dated January 27, 2000, established that the victim, Ms. Lasky, testified falsely and that the prosecution knew the testimony was false but failed to correct it. The Michigan Court of Appeals denied the Motion to Expand Scope of Remand, finding that the appeal was "necessarily limited to the issue remanded by the Supreme Court." *People v. Rosencrantz*, No. 197313 (Mich. Ct. App. Apr. 24, 2000), *citing People v. Jones*, 394 Mich. 434 (1975).

The trial court conducted a hearing on October 13, 2000 and November 3, 2000. On November 22, 2000, the trial court issued an "Opinion/Order Denying Petitioner's Claim of Ineffective Assistance of Counsel." *People v. Rosencrantz*, No. 95-52884 (Genesee County Circuit Court Nov. 22, 2000).

The Michigan Court of Appeals affirmed the trial court's order. *People v.*

4

*Rosencrantz*, No. 197313 (Mich. Ct. App. May 25, 2001).

Petitioner filed an application for leave to appeal the Michigan Court of Appeals' May 25, 2001 Order in the Michigan Supreme Court. The Michigan Supreme Court denied leave to appeal. *People v. Rosencrantz*, No. 119741 (Mich. Jan. 15, 2002). Justices Cavanagh and Kelly would have directed the prosecutor to respond to the allegations that the prosecutor's office knew that the victim gave false testimony. *Id.*

Petitioner then filed a motion for relief from judgment in the trial court, presenting the following claims:

> I. Does defendant deserve a new trial based on newly discovered evidence.
>
>    A. Did the trial prosecutor intentionally mislead the jury by deliberately eliciting false testimony.
>
>    B. Did complainant Elaine Lasky commit perjury.

The trial court denied the motion for relief from judgment. *People v. Rosencrantz*, No. 95-52884 (Genesee County Circuit Court Nov. 27, 2002).

Petitioner filed a delayed application for leave to appeal in the Michigan Court of Appeals, presenting the same claims raised in the motion for relief from judgment and requesting an evidentiary hearing. The Michigan Court of Appeals denied leave to appeal. *People v. Rosencrantz*, No. 245432 (Mich. Ct. App. July 3, 2003).

Petitioner filed an application for leave to appeal in the Michigan Supreme Court, in which he requested a remand to the trial court for an evidentiary hearing on the Burgess affidavit. The Michigan Supreme Court denied leave to appeal. *People v. Rosencrantz*, No. 124370 (Mich. March 19, 2004)

Petitioner then filed the pending petition for a writ of habeas corpus, presenting

5

the following claims:

> I. The state prosecutor knew or should have known that the trial testimony of the state's star witness, Elaine Lasky, was false about four material points.
>
> II. Petitioner's trial and appointed appellate counsel were ineffective within the meaning of the Sixth Amendment and said ineffectiveness prejudiced Petitioner.

In sum, Petitioner took the following steps to develop the state court factual record regarding the Burgess affidavit: He moved in the Michigan Court of Appeals to expand the scope of the evidentiary hearing in the trial court to address the allegations contained in the Burgess affidavit. After the Michigan Court of Appeals denied this request and he concluded his direct appeal, Petitioner filed a motion for relief from judgment in the trial court in which he requested an evidentiary hearing regarding the Burgess affidavit. He also requested an evidentiary hearing in his applications for leave to appeal from the denial of his motion for relief from judgment to the Michigan Court of Appeals and Michigan Supreme Court.

Petitioner provided the state courts "the first opportunity to review this claim and provide any necessary relief." *O'Sullivan v. Boerckel*, 526 U.S. 838 (1999). "[C]omity is not served by" foreclosing an evidentiary hearing in federal court where a petitioner "was unable to develop his claim in state court despite diligent effort." *Williams*, 529 U.S. at 437. The court concludes that Petitioner diligently sought to develop the factual record for this claim in state court.

### B. Magnitude of the Alleged Violation

Second, an evidentiary hearing may be held only if the alleged constitutional violation, if established, is sufficient to warrant the issuance of the writ. *Sawyer*, 299 F.3d at 610.

"[D]eliberate deception of a court and jurors by the presentation of known false evidence is incompatible with rudimentary demands of justice." *Giglio v. United States*, 405 U.S. 150, 153 (1972) (internal quotation omitted). "The same result obtains when the State, although not soliciting false evidence, allows it to go uncorrected when it appears." *Napue v. Illinois*, 360 U.S. 264, 269 (1959). A conviction obtained by the knowing use of perjured testimony must be set aside "if there is any reasonable likelihood that the false testimony could have affected the judgment of the jury." *United States v. Agurs*, 427 U.S. 97, 103 (1976).

Thus, if Petitioner's allegations are correct, the prosecutor's conduct in permitting Ms. Lasky's incorrect testimony to stand would violate *Giglio* and *Napue*. The court cannot decide before hearing testimony adduced at the evidentiary hearing whether there is a "reasonable likelihood that the false testimony could have affected the judgment of the jury." *Id.* But, the allegations contained in the affidavit are sufficiently troublesome that they raise possibility of a constitutional violation. Thus, the court finds the allegations sufficient to warrant an evidentiary hearing.

### IV. CONCLUSION

The court has concluded that Petitioner was diligent in his attempt to develop the factual record in state court and that his factual allegations, if correct, may establish a constitutional violation. Thus, Petitioner has satisfied the prerequisites for an

evidentiary hearing. The evidentiary hearing shall be limited to Petitioner's claim that the prosecutor knowingly allowed false testimony to go uncorrected. Further, "[t]he interests of justice require the court to appoint counsel when the district court conducts an evidentiary hearing on the petition." *Hoggard v. Purkett*, 29 F.3d 469, 471 (6th Cir. 1994); *see also* Rule 8, Rules Governing § 2254 Cases.

Accordingly, IT IS ORDERED that the Federal Defender Office, 22nd Floor, 2255 Penobscot Building, Detroit, Michigan, 48226, telephone number (313) 961-4150, is APPOINTED to represent Petitioner in this case. Such representation shall continue unless terminated by (1) order of the court; (2) appointment of substitute counsel; or (3) appearance of retained counsel. After an appearance is filed, the court will schedule a status conference to discuss the timing and logistics of the evidentiary hearing.

      S/Robert H. Cleland
      ROBERT H. CLELAND
      UNITED STATES DISTRICT JUDGE

Dated: May 17, 2006

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, May 17, 2006, by electronic and/or ordinary mail.

      S/Lisa Wagner
      Case Manager and Deputy Clerk
      (313) 234-5522

S:\Cleland\JUDGE'S DESK\Even Orders\04-72407.Rosencrantz.EvidentiaryHearing.mbc.wpd