**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

TIMOTHY R. ROSENCRANTZ,

      Petitioner,

v.                                                                Case Number: 04-CV-72407

BLAINE LAFLER,

      Respondent.
                                     /

**OPINION AND ORDER GRANTING IN PART AND DENYING IN PART
PETITIONER'S APPLICATION FOR CERTIFICATE OF APPEALABILITY**

Petitioner Timothy R. Rosencrantz, through counsel, filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254. On March 26, 2007, the court issued an "Opinion and Order Denying Petition for Writ of Habeas Corpus." Now before the court is Petitioner's "Application for Certificate of Appealability."

Before Petitioner may appeal the court's dispositive decision denying his petition, a certificate of appealability must issue. 28 U.S.C. § 2253(c)(1)(B); Fed. R. App. P. 22(b). The court must either issue a certificate of appealability indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue. 28 U.S.C. § 2253(c)(3); Fed. R. App. P. 22(b); *In re Certificates of Appealability*, 106 F.3d 1306, 1307 (6th Cir. 1997).

A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The substantial showing threshold is satisfied when a petitioner demonstrates "that

reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

In his habeas corpus petition, Petitioner who was convicted of first-degree criminal sexual conduct, challenged his conviction on the grounds that the prosecutor knowingly permitted the victim, Elaine Lasky, to present false testimony, and he received ineffective assistance of trial and appellate counsel. Petitioner seeks a certificate of appealability with respect to both these claims.

Petitioner argued that the prosecutor failed to disclose exculpatory evidence or knowingly presented false testimony on the following four material points related to Ms. Lasky's testimony: (1) that she did not meet with the assistant prosecutor or anyone from the prosecutor's office prior to trial; (2) that Lasky had a clear memory of the sexual assault and had not been using drugs prior to the assault; (3) that she was certain Petitioner was the individual who assaulted her; and (4) that the assault occurred shortly after 10:30 p.m., on August 16, 1995, rather than shortly after 1:30 a.m., on August 17, 1995, as she had testified at the preliminary examination.

After conducting an evidentiary hearing, the court held that the prosecutor had indeed met with Lasky prior to trial and, accordingly, that the prosecutor allowed false testimony to stand uncorrected, when Lasky denied any pre-trial meetings. The court further held that Petitioner had failed to sustain his burden of showing that the prosecutor presented testimony he knew or should have known was false with respect to the remaining allegations because Petitioner failed to show that the challenged testimony was "indisputably false." *Byrd v. Collins*, 209 F.3d 486, 517 (6th Cir. 2000).

The court next considered whether the false testimony, that Lasky did not have a pre-trial meeting with the prosecution team, was "material." *Coe v. Bell,* 161 F.3d 320, 343 (6th Cir. 1999). In the case of the knowing presentation or use of false testimony, false testimony is "material" if "'the false testimony could . . . in any reasonable likelihood have affected the judgment of the jury.'" *Giglio v. United States*, 405 U.S. 150, 154 (1972) (quoting *Napue v. Illinois*, 360 U.S. 264, 271 (1959)). The court concluded that the testimony was not material, because there was not a reasonable likelihood that the perjured testimony could have affected the judgment of the jury. Nonetheless, as the court recognized in its order, Lasky's testimony was the key evidence against Petitioner, and evidence that Lasky, in fact, met with the prosecution team prior to trial could have provided additional impeachment material. While this court concluded that the additional impeachment material would have been cumulative and there was not a reasonable likelihood that the perjured testimony could have affected the judgment of the jury, the court finds that reasonable jurists could find that its resolution of this claim to be debatable or wrong. Accordingly, the court will grant a certificate of appealability on the issue of whether the false testimony was material.

The court finds that reasonable jurists would not find its conclusion that Petitioner failed to sustain his burden of showing that the prosecutor presented testimony he knew or should have known was false with respect to the remaining allegations of prosecutorial misconduct to be debatable or wrong. The court, therefore, will deny a certificate of appealability as to the remaining prosecutorial misconduct claims.

In his second claim for habeas corpus relief, Petitioner argued that he received ineffective assistance of trial and appellate counsel. Petitioner argued that his trial

3

attorney was ineffective in failing to investigate and call certain alibi witnesses and in failing to request a continuance to secure the presence of alibi witnesses. The Michigan Court of Appeals remanded the case to the trial court for an evidentiary hearing on this claim. Following the evidentiary hearing, the trial court, the last state court to issue a reasoned opinion on this claim, held that counsel was not ineffective because he carefully investigated the alibi defense and made a carefully-considered decision as to which witnesses to call. This court held that Petitioner failed to show that the trial court's well-reasoned, comprehensive opinion was contrary to or an unreasonable application of Supreme Court precedent.

Petitioner also alleged in a point heading that his appellate attorney was ineffective. Because he failed to provide any argument in support of that claim, the court denied the claim.

The court finds that reasonable jurists would not find its resolution of these ineffective assistance of counsel claims to be debatable or wrong. Accordingly, the court will deny a certificate of appealability on these claims.

For the reasons stated above, IT IS ORDERED that Petitioner's "Application for Certificate of Appealability" [Dkt. # 52] is GRANTED IN PART and DENIED in part. The

4

court GRANTS a certificate of appealability on the issue of whether Lasky's false testimony that she did not meet with the prosecution team was material and DENIES a certificate of appealability as to Petitioner's remaining claims.

                                       S/Robert H. Cleland
                                        ROBERT H. CLELAND
                                        UNITED STATES DISTRICT JUDGE

Dated: May 18, 2007

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, May 18, 2007, by electronic and/or ordinary mail.

                                         S/Lisa Wagner
                                        Case Manager and Deputy Clerk
                                        (313) 234-5522